You may be seated. Thank you. All right, let's call the first case. It's 19-2045, Board of Education of Gallup v. Native American Disability Law. Ms. Adams, you may proceed. Thank you, Your Honors. Your Honors, good morning. I'm Sam Adams, Counsel for Gallup-McKinley County Schools in Gallup, New Mexico. With the Court's permission, I would like to reserve three minutes for rebuttal. Actually, I make that two. Okay. Two minutes. I'll try to help you. Okay. See, I took care of this very large visual aid, but thank you for granting my use of this. Briefly, Your Honors, this Court should reverse the lower court's dismissal of Gallup-McKinley's petition for attorney's fees and allow the petition to proceed on the merits. The trial court erred in dismissing the case as untimely. There are two ways in which the court erred. First, although the New Mexico regulation setting the deadline for a party to seek fees is clear on its face, the court magistrate judge Moulton incorrectly added language to the regulation, even after admitting in her written decision that the reading by the school district made sense. She should not have done so unless the result of reading the language as is would have led to a bizarre or absurd result. I'm using the word bizarre after the Tenth Circuit precedent and absurd in accord with U.S. Supreme Court precedent, which I'll discuss in a couple of minutes. Second, Magistrate Judge Moulton appears to have made that decision based on an erroneous rejection, I'll say, departure from New Mexico case law of her brethren and actually her own unpublished opinion in which she analyzed the attorney's fees provision along with Chief Judge Johnson prior to her having done so and determined that the right to seek attorney's fees, whether, well, in those cases it was the parent seeking fees, but that the right was an independent right or it was an independent action. Why is it a natural reading to read the 24B as the last administrative decision relating to the prevailing party? Why isn't it? Yeah, why isn't that a... A natural reading? A natural interpretation of the text? Well, I think it speaks to exactly what I was sort of starting to talk about, whether the, if the right to seek attorney's fees is independent, other, let me just say, other circuit courts have determined and Chief Judge Johnson did as well, that if the right to seek attorney's fees is independent, then interpretation of that right would be read expansively, the deadlines would be read expansively. So actually, Judge Moulton, in her opinion, and this is at the record, page 119, she actually instructed on that point, Your Honor, that the phrase, last administrative decision here at section 25B, in isolation, would seem to refer to the last decision issued in the entire matter. So she... Would a prevailing party then, when could a prevailing party file its motion for attorney's fees? Within 30 days of the issuance of the final decision. Does it have to be after the last administrative decision? When you say, are you asking if the... Well, here's my hypothetical. Gallup gets out on January 1st, like it did here. The last administrative decision of the case is a year later. Can Gallup file its motion for attorney's fees in February? Of the next... Can it file more or less immediately after it becomes a prevailing party? So a prevailing party has to wait until the case is over? Yes. That seems crazy to make the prevailing party wait a year later to seek its attorney's fees. Your Honor, I think there's a distinction actually made in the language itself between a prevailing party and a prevailing public agency. In the regulation itself... And actually, let me just... I just want to remind the court, if you didn't notice this, but the red language in this regulation is actually the district court's. So this is an exact replica of the Exhibit 1 to the court's order. But Magistrate Judge Moulton is the person who highlighted the distinction between referring to a parent who is a prevailing party and referring to a public agency as a prevailing public agency. And what's concerning is that if you read the language that the judge would... that Magistrate Judge Moulton would ask you to add, essentially, to Section B, it is added to a prevailing party only. And there's a reference to prevailing party and distinction made between prevailing party and prevailing public agency in this regulation. You should stay near the mic. Oh, sorry. I apologize. So there's a distinction made within the regulation itself. To your point, Your Honor, about the craziness of having to wait a year, and that was actually Judge Moulton's... That was one of her concerns was that a... a parent would have to wait a year. It's a legitimate concern. But under the administrative code, the same section, it's I-7, the public ed department actually established a very short timeline for decision making. So a decision is supposed to issue within 45 days of a request for due process being filed. So the timeline from start to finish is supposed to be 45 days. Typically, the only reason it's extended is so that the parties can engage in alternative dispute resolution. What was the gap in this case? That's actually what it was. So petitioners filed their request on June 12th, and the decision was the final order was issued on October 8th. So there are four months there. In that time, there were multiple settlement facilitations, I'll say, all of the parties. And it's actually quite... It is not unusual for there to be more than one public agency involved in this administrative proceeding. So in this case, after all of the parties engaged in an initial settlement, a mediation that was unsuccessful, Gallup-McKinley then filed the dispositive motion, and that was granted in August. Then the remaining parties, which was the New Mexico School for the Deaf and the parent, they engaged in additional settlement discussions and then reached a settlement, and that's why the case was delayed, so to speak. So prior to the last administrative decision, was your client still subject to being brought back into this case? There was an appeal right of the parent under subsection 24. So let me get back to the mic, sorry. Yeah, no, I can see it. Sorry, yes. So under subsection 24, parent could appeal the decision. The problem in this particular case, and Judge Johnson raised this in the Chavez case from 2011, the problem is that in the order granting summary judgment to Gallup-McKinley, the hearing officer did not inform the parent of their right to appeal within 30 days, and that is typically what happens is once the hearing officer issues a decision, whether it's wholesale for one party or the other, which is fairly unusual, but regardless, the hearing officer instructs that any aggrieved party may file their appeal per a civil action in federal court within 30 days of receipt of that decision. So in the record, Your Honors, the order granting summary judgment did not instruct the parent that she had 30 days to appeal or alert her to the fact that she was an aggrieved party, which is one of the concerns that Chief Judge Johnson raised in the Chavez case in terms of notice of the parent's deadlines for the parent to follow. So that is actually a point of confusion, and I admitted this to the district court, and I'll reiterate it at this point, that I did not realize that the parent was to have appealed under subsection 24 was to have appealed the grant of summary judgment or dismissal within 30 days, but she also wasn't informed of that by the state, and that was grounds under Chavez for the judge to actually extend the timeline for petition for attorney's fees. So again, as I started to say earlier, the policy underlying the characterization of the right to petition attorney's fees is relevant to the extent that the circuit courts have interpreted the right, those circuit courts and apparently district courts following those, that have determined that the right is independent. Independent versus part and parcel. I just realized. You're not over time. Okay, but I need to reserve, for myself, I need to reserve rebuttal. I don't know if we set this to 12. It's set to 15. Is that right? You're eating into your rebuttal now. Okay, all right. Yes, please, go ahead. I don't want to eat into your rebuttal. No, please, and I'll just. I just didn't understand why it matters what Judge Johnson or Judge Molson said about whether this right to seek attorney's fees is independent of the IDEA or derivative. All of those cases, or both of those cases, were dealing with the situation prior to the enactment of the 30-day provision. Both sides, in this case, agree that the 30-day provision applies. The independence or derivative nature of the right to seek attorney's fees, I understood to be pertinent to whether or not you apply the four-year residual clause or some other limitations period, but the 30-day period is clearly enforceable. It clearly is applicable. Both sides agree. I don't understand what the independent derivative characterization has to do with our issue. I honestly was not terribly sure myself, but the judge in the district court felt like it was part of her analysis, and as I was saying, the district, the circuit courts that seem to characterize the right as independent read deadlines expansively. But I thought that Judge Molson was addressing this only because you had challenged the enforceability of the 30-day provision. So she was addressing that argument of yours, but you haven't raised that on appeal. No, I haven't, only to the extent that it related to how the language was read. And so I will, if I may, I'll reserve the last 30 seconds for rebuttal and just ask that the court reverse the lower court's decision. Thank you. Ms. Sanders? Good morning, Your Honor. My name is Maureen Sanders, and I represent the Native American Disability Law Center in this appeal. And the center would request that this court affirm the decision of Judge Molson that she issued, which granted the center's motion to dismiss for the filing of the petition for attorney's fees as untimely. And I think that the questions asked by the court illustrate the reasoning of the center for bringing this motion to dismiss. It is clear that everybody agrees that 30 days is the appropriate time, as Judge Bacharach mentioned. And that's important. And I want to address the last question first, if you will, Your Honor. I think it's totally irrelevant to this matter as to whether or not it is an independent action or a derivative action, because as you suggested, the previous cases relied on by appellant go to whether or not and what analogous state statute would apply for a statute of limitations for a separate cause of action. And that wasn't what was brought to Judge Molson, because after the TEQL, I'm not sure how to say that name actually, after the TEQL decision by Judge Johnson, the PED in fact changed its regulation so that it made it clear that initially it was one year, and then became 30 days in 2007 for the filing of a petition for attorney's fees. And the reason that's important is that there are two parts to the statute that Ms. Adams has provided to the court. And one part relates to an appeal from the actual substantive decision with respect to the request for additional special ed services usually. And the second relates to the attorney's fees. And if you look at the attorney's fees section alone, it only talks about the prevailing party, whether that prevailing party is a parent or whether it is a public agency. So section 25. I mean, that goes to who can file an application for fees, right? Yes, Your Honor. And there's different standards as to when a public agency is entitled to attorney's fees and as to when a parent is entitled to attorney's fees. But the time limit is the same, and the time limit says any action, so that means for a prevailing parent or prevailing public agency, must be filed within 30 days of the receipt of the last administrative decision. And so it's clear under this statute that 30 days is it. What is the question before the court today and before Judge Molson previously is what triggers that 30 days? And Judge Molson didn't add language to the statute. She engaged in appropriate statutory construction as set forth by this court in many situations. And that is – Can I test you out on that? You bet. So as I understand that the phrase in dispute of Judge Molson's is as to the prevailing party, right? That is not something that Judge Molson added to the language. No, I understand. And she's saying that that is sort of implicit in B, 25B. Yes, Your Honor. Now, I'm not a grammarian, but that's a prepositional clause, right? Yes. Okay, and typically prepositional clause – You're going to test my grammar, huh? Are used to modify a noun, right? Sometimes, yes. Okay. I mean, that is the function of a prepositional clause is to modify something. Correct. And so here the only thing that could be used to modify is this noun sort of at the head of this prepositional clause of the last administrative decision. So if you don't add a prepositional clause qualifying of the last administrative decision, that means it's unqualified, right? And so the PED could have added that phrase and made it clear that the last administrative decision isn't, say, the equivalent of a final order in Rule 54 of the federal rules, but it is sort of an interlocutory decision. I mean, if we were to use the analogy of Rule 54, but they didn't do that. Yes, Your Honor. So doesn't the absence of this prepositional clause as to the prevailing party mean that of the last administrative decision means what it says, it's unqualified, it's absolute, it's what everybody would think of as the last something? I can't talk for the PED, New Mexico PED, as to their thinking and as to their knowledge of grammar. But what I can talk about is looking at this regulation, the court needs to look at it in context and not as just a singular sentence or a singular phrase. And in context, this whole Section 25 is about attorney's fees that can be petitioned for by a prevailing party, whether it be a parent or a public agency. And so the lower court decided that looking at it in context, it made more sense to have it be the last administrative decision related to the prevailing party. And, you know, there's efforts been made to say, well, that leads to unjust results. But I think Chief Judge Timkovich, I'm sorry, Your Honor, I even practiced it, suggested that somebody should not have to wait, a parent should not have to wait until after the last administrative decision when those are, where there are cases where there are at least two respondents. In a typical Title VII case or a 1983 case, isn't that what under Rule 54 any prevailing party has to do anyway? In a typical civil case is wait until a final order has been entered in order to seek attorney fees, even if the prevailing party has obtained prevailing party status much earlier in the case. I would agree with that to a certain extent, Your Honor. There is an ability for the district court to say, I am granting the summary judgment to defendant number one, but not defendant number two. And as to defendant number one, there's no just reason for delay, and so it's final. So do what you have to do with respect to any appeals. And I would suggest that may apply also to a request for attorney's fees by defendant number one. If you peek up at 24, though, in that section, the language within 30 days of receipt of the hearing officer's decision, and New Mexico did modify that by adding the phrase, I don't know, is that a prepositional phrase? It is, Your Honor. By is a preposition. By the appealing party. And so doesn't that suggest that the drafters of the regulatory scheme here knew it could add a qualifying language if it wanted to, and they didn't do so in 25? How do you reconcile those linguistic clues? And in 24, I think PED made it very clear that once somebody is aggrieved by a decision by a hearing officer, it has 30 days to file the appeal from that decision. And so I sort of mapped it out for myself this morning because I'm an old math teacher, and I'm surprised I didn't draw diagrams, but I didn't. But let's take a couple of hypotheticals. First is, let's say we have a parent against two respondents, and respondent number one gets out early for summary judgment or whatever. In that event, then, the parent, if the parent wants to appeal that decision, has to do it within 30 days. And the respondent that got out early must apply for attorney's fees within 30 days. And then, if the parent does not appeal, decides, I'm good with that, and it's what happened here, then the respondent one still must apply for attorney's fees within 30 days. And so there's no conflict there. And the second example is, if the parent wins early against respondent number one, then respondent number one under 24 has to appeal within 30 days, and the parent has to apply for attorney's fees within 30 days. So everything comes up to the court, if you will, within 30 days. If you have two respondents and it all goes to a hearing, nobody gets out early, and plaintiff wins against one of them and loses against the other, then within 30 days, parent has to appeal the part she lost, if she wants to, defend the respondent who won, has to apply for prevailing party attorney's fees, and parent has to apply for attorney's fees in the one that she won. And so it's all compact, and it makes sense for it all to happen within 30 days of the hearing officer's decision. Do you agree that absent extensions or requests, you know, to go to mediation, that the whole process takes 45 days? That is what the rules require under the PED, if I recall correctly. I'm just wondering, you know, it seems to me that if everybody was following the timelines and one party gets out early and within 45 days another party prevails, then you have two fee applications up before the district court that don't really match as far as timing. It seems like your position might not be the most efficient way to proceed. I think the district courts, at least in New Mexico, are used to dealing with competing petitions for fees. I happen to know that personally. And sometimes the timing might be a little different depending on when somebody got out or when somebody filed. Those types of things, there are motions to consolidate if it ends up with different judges. You know, those kinds of things can be addressed internally within the court. But what your suggestion somewhat overlooks is the effect on the parent and the lawyer of the parent in terms of thinking, okay, everything is done with respect to respondent number one. Now, we lost. We're good with that. Well, maybe not good. That might be an overstatement. But we accept that. And now we're looking at respondent number two. And so the approach to trying to settle with respondent number two may be negatively impacted if they are not sure as to whether or not the respondent number one is going to come after them for fees. And appellant suggests, well, that doesn't have any effect on the settlement. But I think that's incorrect. I think that it can have an effect on the settlement. I mean, for example, in this case, the school for the deaf is the one who put Gallup-McKinley on the paperwork that suggested that Gallup-McKinley was the local educational agency. And I don't want to get into the merits here. But, you know, if, for example, hypothetically, the center realized that, oh, wait a minute, Gallup may come after the parent or us for fees, then they might have sought indemnification as part of the settlement with the New Mexico School for the Deaf. But, you know, that timing was, all right, we think everything is done because New Mexico School for the Deaf, I mean, I'm sorry, Gallup-McKinley had an obligation to petition for fees within 30 days of becoming the prevailing party. And it knows that. It's not the parent who needs notice of statute of limitations, as Judge Johnson has suggested in Chavez. But it is the district that knows the rules. And, you know, that provision existed at the time, and they should have complied with it. And complying with the 30-day requirement, as interpreted by the lower court, would be the better protection for the parents and children with respect to the whole purpose of the IDEA. Pardon me. What's the substantive claim against you for attorney's fees? Is it that it was frivolous, or was it unreasonable, or without foundation? My recollection is the petition contained both sections, the language from both sections. But that's off the top of my head. Don't hold me to that, because I was at the Monet exhibit yesterday. It was excellent, by the way. So for all these reasons, Your Honors, I would respectfully request that the court give a common-sense interpretation to the last administrative decision language in the prevailing party petition for fees section of the regulation and affirm the district court. Thank you. Thank you, counsel. Kim, why don't you give her an extra minute? Sorry. It was my fault. Thank you. Thank you very much. I appreciate it. Hold on. There we go. Okay. You may proceed. Thank you. Three quick points. The hypothetical about parents or the Native American Disability Law Center having negotiated indemnity is not realistic. A petitioner cannot get damages, cannot get anything but her own attorney's fees under IDEA. That's Muskrat v. Deer Creek, 715 F. 3rd, 775, this circuit, 2013. It will never happen that a parent is a prevailing party prior to the conclusion of a request for due process. At the record, District of New Mexico 26, you'll see that the initiating pleading for the administrative action is called a request for due process hearing. So if a defendant loses and the parent prevails on this, you go to hearing. Everybody goes to hearing. So the only party that will ever be prejudiced by imposing an ultra-short 30-day period to a petition for fees is the very, very rare defendant, school district, or public agency that ever would have a basis to even think about seeking fees. This is the first time in almost 20 years that I've ever tried to seek fees on behalf of a public agency, even though I've prevailed, even in this circuit, many times, many times. Because it's a very limited, there's a very limited opportunity. Why don't you go ahead and wrap up. Yeah, thank you. And so, Your Honors, we just respectfully request that you reverse the district court and let us proceed on the merits. You're welcome. Thank you. Counsel, I think we understand the arguments. You're excused. You might remove your. Does someone want to use this for kindling? I don't have to take it back on the plane. You can remove that, or Mr. Schwab, you will.